UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE: JOSEPH LEE BAER                                                              CASE NO.10-21096

DEBTOR

JOSEPH LEE BAER                                                                              PLAINTIFF

V.                                                                              ADVERSARY CASE NO. 12-2009

SYLVIA CABIRAN                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on the *pro se* Defendant Sylvia Cabiran's Motion to Dismiss [Doc. 4]. The Plaintiff Debtor, also acting *pro se*, has filed an Objection and a Motion for Sanctions [Docs. 8 & 9]. The Court having reviewed the record and being otherwise sufficiently advised, finds as follows:

On March 19, 2012, the Plaintiff Debtor filed his Complaint in this action seeking a determination that an alleged debt owed by the Debtor to the Defendant Sylvia Cabiran ("Ms. Cabiran"), the Debtor's ex-wife, by virtue of a pre-nuptial agreement between the parties is dischargeable in bankruptcy. This is not the first time that this issue has been before this Court. On April 5, 2011, the Debtor filed in his main bankruptcy case a Motion to Set Aside a state court judgment entered in favor of Ms. Cabiran by a Louisiana state court [Doc. 51 of Case No. 10-21096]. In response to the Debtor's Motion, this Court ruled: (1) the Louisiana state court has concurrent jurisdiction with this Court to determine the dischargeability of this debt under 11 U.S.C. §523(a)(5) and/or §523(a)(15); and (2) pursuant to 28 U.S.C. §1334(c)(1), the Court

abstains from determining the issue of dischargeability of the debt [Doc. 58 of Case No. 10-21096].

Ms. Cabiran subsequently filed a Motion to Reconsider the Court's decision to abstain as to the issue of dischargeability of the debt [Doc. 60 of Case No. 10-21096].  The Court denied Ms. Cabiran's Motion to Reconsider [Doc. 65 of Case No. 10-21096].

The Debtor now brings the same issues before this Court again in the form of an adversary proceeding, to-wit, seeking a determination of the dischargeability of certain obligations arising in the parties' state court divorce action.  Ms. Cabiran's arguments in her Motion to Dismiss based on this Court's prior rulings are well taken.  The state court has concurrent jurisdiction with this Court to determine the dischargeability of a debt under 11 U.S.C. §523(a)(5) and §523(a)(15).  *See Lewis v. Lewis (In re Lewis)*, 423 B.R. 742, 755 (Bankr. W.D. Mich. 2010).  For this reason, this Court shall abstain from determining the issue of dischargeability of this debt as requested in the Debtor's Complaint.  *Id. at* 756; *see also* 28 U.S.C. §1334(c)(1).

The Court shall enter a separate order in conformity with this Memorandum Opinion.

Copies To:

Joseph Lee Baer, *pro se*

Sylvia Cabiran, *pro se*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, April 23, 2012
(tnw)**